## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: } | |
| BILL HEARD ENTERPRISES, INC., et al. } | CASE NO. 08-83029-JAC-11 |
| } | CHAPTER 11 |
| Debtor(s). } | |
| | |
| TWENTIETH CENTURY LAND } | A.P. No. 09-80023-JAC-11 |
| CORPORATION, } | |
| Plaintiff(s), } | |
| v. } | |
| } | |
| LANDMARK NORTH FREEWAY, } | |
| LTD. et al. } | |
| Defendant(s). } | |
| | |
| HSBC BANK USA, AS TRUSTEE FOR } | |
| THE REGISTERED HOLDERS OF } | |
| FALCON AUTO DEALERSHIP LOAN } | |
| TRUST 2003-1 LOAN BACKED BONDS, } | |
| SUCCESSOR-IN-INTEREST TO FALCON } | |
| FINANCIAL, LLC d/b/a FALCON } | |
| LENDING, LLC } | |
| Counterclaim, Crossclaim and } | |
| Third Party Plaintiff, } | |
| } | |
| v. } | |
| } | |
| LANDMARK NORTH FREEWAY, LTD. } | |
| } | |
| Crosscliam Defendant, } | |
| } | |
| - and - } | |
| } | |
| LANDMARK I-45, INC. and WILLIAM } | |
| T. HEARD, } | |
| Third Party Defendants. } | |

## MEMORANDUM OPINION

Now before the Court for consideration is HSBC Bank USA's motion to dismiss the counterclaim of Landmark North Freeway, Ltd. and William T. Heard for failure to state a claim upon which relief may be granted. After reviewing the record and all briefs submitted in connection with the motion, the Court enters the following order.

# PROCEDURAL HISTORY

On September 28, 2008, Bill Heard Enterprises, Inc. and twenty-four related entities filed for relief under Chapter 11 of the Bankruptcy Code and sought joint administration of their petitions. Pre-petition, the debtors owned and operated fourteen automobile dealerships in seven states. On February 6, 2009, Twentieth Century Land Corporation ("Twentieth Century"), one of the twenty-five debtors, filed a complaint against Landmark North Freeway, Ltd. ("Landmark North"), a Texas limited partnership, and others to avoid the transfer of real property located at 9111 North Freeway, Houston, Texas to Landmark North under 11 U.S.C. § 544(a)(3) and to determine the validity, priority or extent of the defendants' interest in the property. Twentieth Century transferred the property to Landmark North by Warranty Deed dated November 15, 2002 and seeks to set aside the transfer on the grounds that the Warranty Deed was never recorded as required by Texas law. Twentieth Century argues that the deed is void under Texas law as to a subsequent purchaser for value without notice because it was not recorded and, thus, the transfer is voidable under § 544(a)(3).

On March 19, 2009, Twentieth Century filed an amended complaint adding HSBC Bank USA, as Trustee for the Registered Holders of Falcon Auto Dealership Loan Trust 2003-1 Loan Backed Bonds ("HSBC"), as a defendant. HSBC is the current holder of a Deed of Trust pursuant to which Landmark North purported to "mortgage, grant, bargain, sell, pledge, assign, warrant, transfer and convey . . . and grant a security interest . . . ." in the subject property to Falcon Financial, LLC ("Falcon"). The Deed of Trust secured a $20,000,000.00 loan from Falcon to Landmark North. Through the amended complaint, Twentieth Century seeks to avoid Landmark North's granting of the Deed of Trust to Falcon, HSBC's predecessor in interest.

2

On March 30, 2009, HSBC filed an answer to the amended complaint, a crossclaim against Landmark North and third-party complaint against Landmark I-45, Inc. and William T. Heard ("Heard"), individually.

On May 8, 2009, Heard and Landmark North filed a counterclaim against HSBC and third-party complaint against Falcon for breach of contract, negligence and breach of fiduciary duty. Heard also seeks a declaratory judgment discharging him from his liability under the Guaranty he signed to guarantee payment of the loan.

On May 22, 2009, HSBC filed a motion to dismiss the counterclaim of Landmark North and Heard for failure to state a claim upon which relief may be granted. HSBC argues that each of the counts plead in Landmark North and Heard's counterclaim against HSBC and third-party complaint for breach of contract, negligence and breach of fiduciary duty are premised on the same operative factual allegations that Falcon failed to record the Warranty Deed transferring the subject property from Twentieth Century to Landmark North. HSBC asserts that Heard and Landmark North expressly waived any claims relating to impairment of the collateral in the Guaranty and the Deed of Trust. HSBC further asserts that a fiduciary relationship did not exist between Falcon and the plaintiffs.

**FACTUAL BACKGROUND**

In October of 2002, Falcon agreed to make a $20,000,000.00 loan to Bill Heard Enterprises, Inc. ("BHE"). To make the loan, Falcon required BHE to form a "bankruptcy remote single purpose entity" that would own the subject property and grant Falcon a security interest in same to secure

3

the loan. BHE formed Landmark I-45, Inc. to be the general partner and owner of the bankruptcy remote single purpose entity, Landmark North.

Falcon required Heard and Landmark Chevrolet, the debtor-dealership located on the property, to guarantee payment of the loan. Pursuant to the Guaranty, Heard is obligated to fulfill Landmark North's obligations under the loan if certain specified trigger events occur. Landmark Chevrolet guaranteed payment of the loan without limitation.

On December 2, 2002, BHE received the loan documents to be executed in connection with the loan. Heard and Landmark North assert that BHE was instructed to execute same and send the originals to Falcon. Falcon advised BHE that it would forward the executed loan documents, including the Warranty Deed, to the Title Company to be recorded after the loan closing. On December 6, 2002, Falcon sent closing instructions to the Title Company listing the documents to be recorded after the loan closing, but the instructions did not list the Warranty Deed as a document to be recorded.

The following documents were executed in connection with the loan:

1. Twentieth Century conveyed the subject property to Landmark North by Warranty Deed dated November 15, 2002. Heard signed the Warranty Deed in his capacity as president of Twentieth Century.

2. On December 1, 2002, Landmark North leased the subject property to Landmark Chevrolet. The lease agreement was executed by Landmark I-45, as general partner of Landmark North, and by Landmark Vehicle Management, as the general partner of Landmark Chevrolet. Heard signed the lease as president of Landmark I-45 and as president of Landmark Vehicle Management.

4

3. On December 12, 2002, Falcon loaned Landmark North $20,000,000.00. The loan agreement was executed by Landmark I-45, as the general partner of Landmark North. On the same day, Landmark North executed a promissory note in the principal amount of $20,000,000.00 in favor of Falcon. Heard signed the loan agreement and the promissory note as president of Landmark I-45.

4. As collateral for the loan, Landmark North executed a Deed of Trust and Security Agreement granting Falcon a security interest in the subject property. The Deed of Trust is dated December 12, 2002 and signed by Heard as president of Landmark I-45. In § 9.1, the Deed of Trust provides that upon the occurrence of an event of default, Landmark North agrees that the lender may "recover judgment on the Note either before, during or after any proceedings for the enforcement of this Security Instrument of the Other Security Documents . . . ." In § 9.7, the document further retains the lenders right to release any portion of the property held as security "for such consideration as Lender may require without, as to the remainder of the Property, in any way impairing or affecting the lien or priority of the Security Instrument . . . ."

5. On December 12, 2002, Heard individually executed a Guaranty in favor of Falcon. The Guaranty provides in part in paragraph 6 that:

> Guarantor waives (a) any right to require Lender to (i) proceed against Borrower or any other guarantor of the Obligations, (ii) proceed against or exhaust any security received from Borrower or any other guarantor of the Obligations, or (iii) pursue any other remedy whatsoever; (b) any defense arising by reason of the application by Borrower of the proceeds of any borrowing; (c) any defense resulting from the absence, impairment or loss of any right of reimbursement, subrogation, contribution or other right or remedy of Guarantor against Borrower, any other guarantor of the obligations or any security, whether resulting from an election by Lender to foreclose upon security by nonjudicial sale, or otherwise; (d) any setoff or counterclaim of Borrower or any defense which results from any disability or other defense of Borrower or the cessation or stay of enforcement from any cause whatsoever of the liability of Borrower (including, without limitation, the lack of validity or

5

enforceability of any Loan Document); (e) any right to exoneration of sureties which would otherwise be applicable; (f) any right of subrogation or reimbursement and, if there are any other guarantors of the obligations, any right of contribution, and right to enforce any remedy which Lender now has or may hereafter have against Borrower, and any benefit of, and any right to participate in, any security now or hereafter received by Lender . . . .

The obligations of the Guarantor hereunder shall not be released, diminished, impaired, reduced, dependent upon or affected by any one or more of the following: . . . . (ii) the nature, extent, condition, value or continued existence of any security given in connection with the Obligations, (iii) any action or failure to take action by any holder of the Obligations under or with respect to this Guaranty or the obligations, any security therefor, or any related documents, transaction or matter . . . .

On December 23, 2002, Falcon assigned its interest in the loan documents to ABN AMRO Bank, NV. Subsequently, on July 18, 2003, ABN assigned its interest in the loan documents to HSBC.

## CONCLUSIONS OF LAW

In considering a motion to dismiss for failure to state a claim for which relief may be granted pursuant to FED.R.CIV.P. 12(b)(6), the Court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff.[1] The Eleventh Circuit has explained that "[a] complaint should not be dismissed for failure to state a claim unless 'the plaintiff can prove no set of facts that would entitle him to relief.'"[2] However, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."[3]

---

[1] *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

[2] *O'Halloran v. First Union Nat. Bank of Florida*, 350 F.3d 1197 (11th Cir. 2003)(quoting *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1955).

The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1955) that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. More recently the Supreme Court restated that the relevant question under *Twombly* "is whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible."[4] The Court further explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[5]

HSBC argues that the counterclaim filed by Landmark North and Heard contains conclusory allegations that disregard the language of the Guaranty, Deed of Trust and other Loan Documents and that plaintiffs fail to state any plausible claim for relief. HSBC asserts that each cause of action listed in the counterclaim for (i) breach of contract; (ii) negligence; (iii) breach of fiduciary duty; and (iv) Heard's request for declaratory relief are all premised on the same operative factual allegations that Falcon failed to record or cause the recording of the Warranty Deed thereby impairing the collateral for the loan from Falcon to Landmark North. HSBC argues that the plaintiffs waived any claims relating to impairment of the collateral by the express language contained in the Guaranty the Deed of Trust and the Loan Agreement.

In count I, breach of contract, plaintiffs contend that Falcon's failure to record or instruct the Title Company to record the Warranty Deed constitutes a breach of the Loan Documents and Heard's Guaranty for which HSBC is liable as Falcon's successor in interest. In count II,

---

[4] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1959 (2009).

[5] *Id.* at 1949-1950.

7

negligence, plaintiffs contend that Falcon had a duty to record or instruct the Title Company to record the Warranty Deed and its failure to do so was negligent. In count III, breach of fiduciary duty, plaintiffs contend that Falcon had a duty to the plaintiffs to exercise ordinary skill and diligence in carrying out the duty assumed by it as lender to record the Warranty Deed and to do all things necessary to assure the loan was secured by a valid and perfected Deed of Trust. Plaintiffs allege Falcon breached its fiduciary duty by failing to record or instruct the Title Company to record the deed after the loan closing. Finally, in count IV, Heard seeks a declaratory judgment discharging his obligations under the Guaranty based on Falcon's negligent failure to record the Warranty Deed.

HSBC argues that:(1) Falcon was not contractually obligated to record the Warranty Deed; (2) the Deed of Trust clearly provided that the holder of the debt could enforce Landmark North's payment obligations without first looking to the property; (3) Heard waived under the Guaranty any right to require HSBC to go against the loan security before pursuing recovery from Heard; and (4) the Deed of Trust expressly disclaimed the existence of a fiduciary duty.

Plaintiffs argue that: (1) the causes of action asserted in the counterclaim were not expressly waived in the loan documents; (2) Landmark North's claims cannot be waived under the Texas Uniform Commercial Code; and (3) based on the substantial control Falcon exerted over the formation of Landmark North and its parent company and the business affairs and activities of the parties, a special relationship resulted creating a fiduciary duty of Falcon in favor of the plaintiffs.

The Court finds first that the causes of action asserted in plaintiffs' counterclaim for breach of contract, negligence and breach of fiduciary duty were clearly waived by virtue of the provisions contained in the Guaranty, Loan Agreement and Deed of Trust. In paragraph 5 of the Guaranty, Heard authorized Falcon in its discretion to "compromise, surrender, waive or release any" security

8

for the loan obligation which Heard was guaranteeing. In paragraph 6 of the Guaranty, Heard waived any right to require Falcon to "proceed against or exhaust any security received from Borrower or any other guarantor of the Obligations . . . any defense resulting from the absence, impairment or loss of any right of reimbursement, subrogation, contribution, or other right or remedy of Guarantor against Borrower, any other guarantor of the obligations or any security . . . and any benefit of, and any right to participate in, any security now or hereafter received by Lender . . . ." The Guaranty further provided in paragraph 6 that Heard's obligations "hereunder shall not be released, diminished, impaired, reduced, dependent upon or affected by . . . . the nature, extent, condition, value or continued existence of any security given in connection with the Obligations." Paragraph 6 also provides that Heard's obligations shall not be released or affected by "any action or failure to take action by any holder of the Obligations under or with respect to this Guaranty or the obligations" or any security. It is clear that Heard could not have relied on the existence of any security or upon Falcon to record the Warranty Deed as a condition to the enforcement of the Guaranty based upon the express waivers contained in the Guaranty. Heard expressly waived any obligation Falcon or any subsequent holder of the obligations had to secure, preserve or protect the collateral and any rights he had to require the holder of the obligation to realize against the property before pursuing recovery under the Guaranty. Such waivers are enforceable under Texas law.[6]

The Deed of Trust also provided that the holder of same could enforce Landmark North's payment obligations without first looking to the property. At § 9.1 of the Deed of Trust, Landmark North agreed that Falcon could "recover judgment on the Note either before, during or after any proceedings for the enforcement of this Security Instrument or the Other Security Documents . . .

---

[6] *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1993)(explaining that the parties to a guaranty may waive the defense of impairment of collateral).

9

." Landmark waived its right in § 9.6(a) of the Deed of Trust to be relieved of any obligations therein by reason of Falcon's failure to take any action to foreclose the security or by the release in whole or part of the property. In § 9.6(c), Landmark agreed that Falcon could "resort for the payment of the Debt to any other security held by Lender in such order and manner as Lender, in its discretion, may elect" and that Falcon could take action to recover the debt without prejudice to its right thereafter to foreclose the security instrument. Finally, § 9.7 of the Deed of Trust provided that Falcon could release any portion of the property without "in any way impairing or affecting the lien or priority of this Security Instrument . . . ." Plaintiffs' claims against HSBC as Falcon's successor in interest are clearly barred or waived by virtue of these provisions in the Deed of Trust. Accordingly plaintiffs' claims fail to state a plausible claim for relief and are due to be dismissed.

The plaintiffs' argument that their claims against HSBC cannot be waived under the Texas Uniform Commercial Code is not well founded as the Guaranty, Loan Agreement and Deed of Trust are not subject to the provisions of the Texas UCC as same are not "instruments" as defined under the Texas UCC.[7] Landmark North argues that Falcon's duty of good faith is imposed by statute and cannot be waived under the Texas UCC which provides that "every contract or duty within this title imposes an obligation of good faith in its performance or enforcement."[8] Landmark North argues that the promissory note executed by it in favor of Falcon is an "instrument" as defined under the Texas UCC and is, therefore, governed by same. HSBC concedes that the promissory note is an instrument governed by the Texas UCC, but points out that each of the provisions on which it relies for its argument that plaintiffs waived any claims relating to impairment of the collateral are

---

[7] *See FDIC v. Nobles*, 901 F.2d 477 (5th Cir. 1990)(finding guaranty agreement was not within the scope of the UCC); *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102 (Tex. Ct. App. 1987).

[8] TEX. BUS. & COMM CODE ANN. § 1.304.

10

contained in the Guaranty, Deed of Trust and Loan Document which are not "instruments" and, thus, not subject to the statutory duty of good faith imposed by the Texas UCC. Based upon the plain language of the documents cited by HSBC, the Court finds that plaintiffs' have failed to state plausible claims upon which relief can be granted.

Finally, plaintiffs argue that Falcon owed the plaintiffs a fiduciary duty based upon the substantial control Falcon exerted over the formation of Landmark North, Landmark I-45 and the business affairs and activities of the loan parties and Falcon's assumption of the responsibility for recording the Warranty Deed. Texas courts have acknowledged that fiduciary obligations may exist between a mortgagor and mortgagee where a special relationship beyond that of the ordinary mortgagor, mortgagee exists.[9] Plaintiffs argue Falcon "dictated and controlled a transaction whereby Landmark I-45 was formed" to serve as the general partner of Landmark North which was formed to serve as a bankruptcy remote single purpose entity to be the borrower and to own the fee-simple interest in the property that was to secure Falcon's $20,000,000.00 loan. As further evidence of Falcon's control over these entities, plaintiffs direct the Court's attention to provisions in the Loan Agreement wherein Falcon prohibited Landmark North from:

> (i) engaging in any business or activity other than the ownership, operation and maintenance of the Property, (ii) acquiring or owning any material assets other than the Property; (iii) merging or consolidating with any other person or entity or changing its legal structure without Falcon's consent; (iv) owning any subsidiary or making any investment in any person or entity without the consent of Falcon; (v) commingling its assets with any of its general partners, members, affiliates, principals or of any other person or entity; (vi) incurring any debt other than the Loan except in the ordinary course of its business of owning and operating the Property; (vii) entering into any contract or agreement with any general partner, member principal, or affiliate.

---

[9] *See UMLIC VP LLC v. T & M Sales and Envtl. Sys.*, 176 S.W.3d 595 (Tex. App. 2005).

11

HSBC argues plaintiffs do not allege facts supporting the finding of a confidential or special relationship with Falcon that would create a fiduciary duty. HSBC asserts that plaintiffs' fiduciary relationship claims are mere assertions of legal conclusions that this Court is not bound to accept under *Ashcroft*, 129 S.Ct. 1937, 1959 (2009). Further, even if such duty existed, plaintiffs waived any breach of same. Under Texas law unless the contract between the parties provides otherwise, "[i]t is well settled that the relationship between a borrower and its lender is neither a fiduciary relationship, nor a special relationship."[10] Here Article 5 of the Deed of Trust specifically provides that "[t]he relationship between Borrower and Lender is solely that of debtor and creditor, and Lender has no fiduciary or other special relationship with Borrower . . . ." Accordingly, HSBC argues that plaintiffs' claim for breach of fiduciary duty is devoid of "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face" and is due to be dismissed.

Accepting all of the plaintiffs allegations of control as true, the Court strongly believes that this transaction was nothing more than an ordinary, yet highly sophisticated $20,000,000.00 transaction. As HSBC explained the provisions in the Loan Agreement "[w]hile seemingly onerous to a person unfamiliar with commercial loan transactions" were nothing more than standard provisions that one would expect to find in a transaction of this nature. Not only was this a transaction involving a substantial amount of money, but HSBC points out that there were certain standard underwriting provisions in the Loan Agreement which were necessary for Falcon to sell participations or securitize the Loan as anticipated in the Deed of Trust and in the Commitment letter signed by Heard. The plaintiffs were aware of and agreed to cooperate in the securitization of the

---

[10] *Manufacturers Hanover Trust Co. v. Kingston Investors Corp,* 819 S.W.2d 607, 610-611 (Tex. Ct. App. 1991).

12

Loan to achieve a favorable long-term fixed rate of interest which benefitted plaintiffs.[11] Finally, this Court notes that Heard signed most if not all of the loan documents as president of the various entities or individually. Heard and Landmark North were part of a sophisticated corporate group involved in the operation of fourteen dealerships located in seven states and were no doubt represented by sophisticated corporate counsel. The notion that Falcon exerted such substantial control over plaintiffs to elevate this transaction from that an of ordinary commercial transaction between sophisticated parties such that Falcon stood in a fiduciary relationship with the plaintiffs despite the express language contained in the Deed of Trust that Falcon had no "fiduciary or other special relationship with" Landmark North is truly beyond belief.

For the forgoing reasons, the Court agrees with HSBC that Landmark North and Heard have not stated a plausible claim against HSBC upon which relief can be granted.

A separate order will be entered consistent with this opinion.

**DONE and ORDERED** this date: June 17, 2009.

/s/ Jack Caddell
Jack Caddell
United States Bankruptcy Judge

xc: Debtor(s)
Rita Dixon, attorney for William T. Heard and Landmark North Freeway, Ltd.
Kevin Gray, attorney for HSBC Bank USA, as Trustee for the Registered Holders of
Falcon Auto Dealership Loan Trust 2003-1 Loan-Backed Bonds
Derek Meek, attorney for debtors
David A. Karp
Richard Blythe, bankruptcy administrator

---

[11] Deed of Trust, § 15.2.